STATE, JOHN KLICKER, PROSECUTOR, v. FRANCIS GUIL-
BAUD.

1. The Court of Common Pleas has not power, under the fourth section of the Road act, to appoint surveyors of the highways, to lay out a private road, the sole purpose of which is to communicate between two lots of the applicant.

2. One terminus should be at a mill, market, public landing, or public road.

·On *certiorari.* In matter of road.

Argued at February Term, 1885, before Justices KNAPP and PARKER.

For the prosecutor, *S. H. Grey.*

For the defendant, *Warne Smyth.*

The opinion of the court was delivered by

PARKER, J. Francis Guilbaud applied to the Court of Common Pleas of the county of Hudson for the appoint-

ment of six surveyors of the highways to lay out a private road from the lot on which he resided to another of his lots, crossing lands of the prosecutor. The surveyors met, laid out the road, and awarded the sum of $25 damages to the prosecutor.

The question arising in this case is whether, under the fourth section of the Road act, (*Rev., p.* 993,) surveyors of the highways can be appointed to lay out a private road from one tract of land of the applicant, across an intervening lot, to another tract of the applicant. That section provides that if any person shall think a private road necessary to or from his or her land, mill, market, public landing or public road, he may make the application. The statute does not confer the power to appoint surveyors in all cases in which an applicant may desire to have a private road. The words of the statute restrict the right of application. One terminus of the proposed private road must be at a mill, market, public landing or public road. The object of the fourth section of the act is to enable private individuals to obtain access from their lands to highways and other public places. *Atkinson* v. *Bishop*, 10 *Vroom* 226.

The twenty-fourth section of the Road act, which provides for making compensation for lands taken for private roads, shows that they are intended for public use. *Rev., p.* 1000.

The application in this case being for the sole purpose of establishing communication between two pieces of private property of the applicant, once lands of the prosecutor, the Court of Common Pleas had not power to appoint surveyors to lay out the road.

Even if the Court of Common Pleas had jurisdiction to appoint surveyors, their proceedings are defective. The beginning and ending points of the proposed road, as stated in the application and return, are indefinite.

The proceedings should be set aside.